IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA J. WHEELER,<br><br>Defendant. | No. C13-0070<br><br>RULING ON MOTION FOR<br>SUMMARY JUDGMENT |

This matter comes before the Court on the Motion for Summary Judgment (docket number 18) filed by the Plaintiff on May 9, 2014, the Resistance (docket number 28) filed by the Defendant on June 30, and the Reply (docket number 29) filed by the Plaintiff on July 3. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. PROCEDURAL HISTORY

On July 12, 2013, the United States of America filed a Complaint in the instant action, seeking judgment on a promissory note and foreclosure on a mortgage issued by the United States Department of Agriculture, Rural Housing Service. Named as defendants were Linda J. Wheeler, Duwayne A. Wheeler, Countrywide Home Loans, Inc., and Capital One Bank (USA).

On September 5, 2013, Defendant Linda J. Wheeler ("Wheeler") filed an answer admitting certain allegations, denying other allegations, and asserting certain affirmative defenses. Countrywide Home Loans, Inc. filed an answer on September 25, disclaiming any interest in the subject property and asking that it be dismissed as a party to the action.[1] Duwayne A. Wheeler and Capital One Bank (USA) did not file an answer or other

---

[1] On October 23, 2013, the Court filed an Order dismissing Countrywide Home Loans, Inc. as a defendant.

responsive pleading and, therefore, were found in default.[2] Accordingly, Wheeler is the only defendant contesting the action.

On October 17, 2013, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Also at that time, the case was referred to me for the conduct of all further proceedings and the entry of judgment, in accordance with 28 U.S.C. § 636(c) and the consent of the parties.

On May 9, 2014, the United States timely filed the instant motion for summary judgment. After Wheeler failed to file any response within the time period allowed by the FEDERAL RULES OF CIVIL PROCEDURE, the Court filed an Order on June 4, directing that judgment enter. On June 6, the Court filed a Final Judgment and Decree of Foreclosure. Judgment *in rem* was entered against the subject property, and *in personam* judgment was entered against Wheeler.

On June 10, 2014, Wheeler filed a motion to set aside the order granting summary judgment. Wheeler asserted that she did not timely receive a copy of the motion for summary judgment, and asked that the judgment be set aside. The United States having no objection, the Court filed an Order on June 10, setting aside the judgment and setting a July 1, 2014 deadline for Wheeler to respond to the motion for summary judgment. Wheeler filed a timely resistance on June 30. The United States filed a timely reply on July 3.

## II. RELEVANT FACTS

In support of its motion for summary judgment, the United States attached a statement of undisputed facts, in compliance with FEDERAL RULE OF CIVIL PROCEDURE 56(c) and Local Rule 56.a.3. *See* docket number 18-1. Wheeler did not file any response to the United States' statement of undisputed facts, despite Local Rule 56.b.2, requiring

---

[2] On October 23, 2013, default judgment was entered against Duwayne A. Wheeler and Capital One Bank (USA).

2

her to do so. Because Wheeler did not address the United States' assertions of fact, as required by FED. R. CIV. P. 56(c), the Court may consider the facts undisputed for purposes of the motion for summary judgment. *See* FED. R. CIV. P. 56(e)(2). *See also Libel v. Adventure Lands of America, Inc.*, 482 F.3d 1028, 1032-33 (8th Cir. 2007).

The subject property is a residence in Urbana, Benton County, Iowa. Wheeler moved into the property on October 1, 2006. Wheeler originally tried to purchase the property on contract from the previous owner, but when the contract sale was unsuccessful, she obtained financing from the United States Department of Agriculture ("USDA"). On July 20, 2007, Wheeler executed a promissory note in the principal amount of $142,400, plus interest at the rate of 5.75% per annum. The note called for monthly payments of $803.34, beginning August 20, 2007. The promissory note was secured by a mortgage executed on the same date by Wheeler and her husband, Duwayne A. Wheeler.[3]

On August 17, 2007, Wheeler made a payment of $662.08, but the check was returned for insufficient funds.[4] On November 16, 2007, after Wheeler had missed the first three payments on the note, she was sent a notice of right to cure default. Wheeler apparently met with Daniel R. Speed, a single family housing specialist at USDA, on November 27, 2007, and discussed a "delinquency workout agreement." Speed then provided Wheeler with a Delinquency Workout Agreement, calling for a payment of $800 by December 3, 2007. Wheeler signed the agreement and returned it to the USDA on December 3, 2007. On December 14, 2007, Wheeler made a payment of $800, but the payment was nullified when the check bounced.

---

[3] Wheeler testified in her deposition on February 27, 2014 that she separated from her husband in 2006 and they were getting a divorce at that time.

[4] The amount of $662.08 was calculated by adding the monthly note payment ($803.34) to the monthly escrow for taxes and insurance ($239.75), and then subtracting the "first year monthly payment assistance" ($381.01). *See* Government's Appendix 18.

Wheeler successfully made her first payment on January 4, 2008 in the amount of $800. On February 20, 2008, Wheeler was sent a letter stating her repayment plan was terminated and that $3,857.20 was past due. On February 24, 2008, Wheeler was sent a "final notice before foreclosure review." Apparently, however, Wheeler met with Speed to discuss the loan. On February 27, 2008, Speed sent Wheeler a letter informing her that her workout agreement was still in effect and if she made a payment, then foreclosure could be avoided. On March 7, 2008, Wheeler paid $2,400, and paid an additional $800 on March 25, 2008.

On April 2, 2008, Wheeler was sent a notice of right to cure default, stating that the amount past due was $1,418.78. On May 6, 2008, Wheeler was sent a letter with the subject line: "Notice of Acceleration of Your Mortgage Loan; Demand for Payment of That Debt; Notice of Intent to Foreclose; and Notice of Your Opportunity to Have a Hearing Concerning this Action." On May 23, 2008, Wheeler was sent a letter referencing the fact that her "account has been accelerated," but indicating that she "may choose to cure the delinquent amount owed on the loan," by paying $4,240.17 by June 9, 2008. On June 11, 2008, the USDA sent a letter asking if she would cooperate in the sale of the home to avoid the foreclosure process.

Wheeler has not made any voluntary payments toward the note obligation since March 25, 2008. Additional amounts were credited to Wheeler's obligation, however, by offsets captured by the United States Department of the Treasury. Offsets were made and applied to Wheeler's account on August 5, 2008 ($1,439.13), February 12, 2009 ($2,585), and April 28, 2010 ($1,012). In addition, on February 9, 2013, the amount of $1,358.41 was applied to Wheeler's account as the result of an insurance claim for roof damage.

In summary, since the promissory note was executed in July 2007, a total of $10,394.54 has been applied toward Wheeler's obligation. The last voluntary payment was more than six years ago. Wheeler has also failed to make insurance payments on the

4

property, requiring the USDA to make the insurance payments to protect its collateral. According to a declaration signed under penalty of perjury on April 8, 2014 by Laurie Buress, a foreclosure representative of the USDA, a total of $211,608.60 is now owed, including principal, subsidy, interest as of March 25, 2014, and interest accruing after that date at the rate of $24.5799 per day.

Wheeler is knowledgeable regarding real estate and mortgage foreclosures. At her deposition, Wheeler testified that she had seven years of on-the-job training as a paralegal, and received a certification after taking an examination through NALA (which the Court assumes is the National Association of Legal Assistants). Wheeler worked for several lawyers, including some work involving real estate and title opinions. In October 2005, Wheeler started her own independent paralegal business. That business was administratively dissolved, however, in August 2013. When her deposition was taken on February 27, 2014, Wheeler was working through a temporary employment agency at the Linn County Auditor's Office, doing property transfers. She was also working one day each week at Title Services Corporation in Waterloo, typing abstracts.

Wheeler also has some knowledge of the legal system, having represented herself in a 2003 bankruptcy proceeding. At about that time, there was a foreclosure action brought on property owned by Wheeler and her ex-husband. Foreclosure was avoided when an investor purchased the property and then sold it back to them on contract.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute as to a material fact "'exists if a reasonable jury could return a verdict for the party opposing the motion.'" *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010) (quoting *Humphries v. Pulaski County Special School District*, 580 F.3d 688, 692 (8th Cir. 2009)). A fact is a

"material fact" when it "might affect the outcome of the suit under the governing law. . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to establish the existence of a genuine dispute as to a material fact, the non-moving party "'may not merely point to unsupported self-serving allegations.'" *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) (quoting *Bass v. SBC Communications, Inc.*, 418 F.3d 870, 872 (8th Cir. 2005)). Instead, the non-moving party "'must substantiate [its] allegations with sufficient probative evidence that would permit a finding in [its] favor.'" *Anda*, 517 F.3d at 531 (quoting *Bass*, 418 F.3d at 873); *see also Anderson*, 477 U.S. at 248 (A nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party."). "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)). The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Foundation of America, Inc.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006)).

## IV. DISCUSSION

In her answer to the complaint, Wheeler admits that she executed the promissory note and mortgage at issue in this case. It is undisputed that the note is now in default, with the last voluntary payment made more than six years ago, and the last payment of any kind credited more than four years ago. In her deposition on February 27, 2014, Wheeler admitted that she does not "contest that the house should be foreclosed," but objects to a money judgment being entered against her personally.[5] In support of her argument, Wheeler asserts affirmative defenses of "unclean hands" and "bad faith." Wheeler asserts

---

[5] Deposition of Linda Wheeler, 33:25-34:9 (Government's Appendix 248-249).

6

that "from October 2010 until at least May 2012 interest should have been waived because I thought I was under a moratorium."[6]

In her resistance to the motion for summary judgment, Wheeler argues that the United States has unclean hands due to its "lack of action for almost three years" while interest and late fees continued to accumulate. In her unsworn resistance, Wheeler claims she requested a "moratorium" in the fall of 2010, but received no response.[7] Between August 2011 and March 2012, Wheeler apparently corresponded with Carrie Walker of the USDA regarding storm damage which occurred in July 2011. In May 2012, Wheeler phoned Laurie Buress "with the hopes of resuming payments and end the moratorium." According to her resistance, Wheeler was told "there was no moratorium and nothing but the accelerated balance would be accepted."

In *United States v. Hughes Ranch, Inc.*, 33 F. Supp. 2d 1157, 1170 (D. Neb. 1999), the Court concluded that "a mortgage foreclosure or replevin action is an equitable action subject to equitable principles in federal court" (citing *In re Cassidy Land & Cattle Co., Inc.*, 69 B.R. 649, 651 (D. Neb. 1987), *aff'd* 836 F.2d 1130 (8th Cir.)). That is, "the government is normally not entitled to equitable relief if the government has acted inequitably or in bad faith relative to the matter in which the government seeks equitable relief." *Id.* at 1171. The Iowa Court of Appeals recently summarized the law regarding the doctrine of unclean hands:

> The doctrine of unclean hands rests on the principle that courts sitting in equity will not provide shelter or aid to a party who seeks the benefit of their own wrongdoing. "The maxim means that whenever a party seeks to . . . obtain some equitable remedy has violated good conscience or good faith . . . the doors of equity will be shut." To avail oneself of the

---

[6] *Id.*, 61:4-7 (Government's Appendix 258).

[7] In her answer to Interrogatory No. 4, Wheeler claims that she requested a moratorium in a telephone conversation in October 2010, but received no "follow up."

7

> defense, the bad conduct must have damaged or prejudiced the defensive party in some way. "The defense of the clean hands doctrine is not favored by the courts."

*JP Morgan Chase Bank v. Ackley*, 834 N.W.2d 82, 2013 WL 1749783 (Iowa App.) (internal citations omitted).

Even assuming the truth of the statements contained in Wheeler's unsworn resistance to the motion for summary judgment, and giving Wheeler the benefit of all reasonable inferences from those facts, the record falls far short of supporting a claim of unclean hands or bad faith. Wheeler has not established that she made a genuine effort to apply for a moratorium under 42 U.S.C. § 1475(a), or that she would have qualified for a moratorium if a valid application had been filed. *See United States v. Larson*, 76 Fed. Appx. 742 (8th Cir. 2003). Despite the fact that Wheeler was in default on the note as soon as her first payment came due, and at all times thereafter, the United States attempted to work with her to avoid a foreclosure proceeding. While Wheeler has apparently occupied the residence throughout this time, she has not made a voluntary payment in more than six years. While the United States could have started foreclosure proceedings much earlier, its failure to do so does not preclude recovery under a theory of "unclean hands" or "bad faith."

The only case cited by Wheeler in her resistance to the motion for summary judgment is a Florida appellate court decision. In *Shahar v. Green Tree Servicing LLC*, 125 So.3d 251 (Fla. App. 4 Dist. 2013), the Court concluded that under the "unique facts" of that case, the homeowners' allegations were legally sufficient to properly assert the defense of unclean hands and avoid summary judgment. *Id.* at 253. The facts in *Shahar*, however, are easily distinguishable from the facts in this case. In *Shahar*, the lender — without the homeowners' knowledge — altered the income information on the loan application, altered the type of loan being sought, destroyed documentation provided by the homeowners, failed to reveal to the homeowners that the application had been altered,

and informed the homeowners that if they did not sign the new loan application, all fees associated with the refinance would remain due and payable. *Id.* at 252. In a sworn statement filed in resistance to the lender's motion for summary judgment, the homeowners claimed that "as a result of this premeditated scheme, their payments on the two loans actually increased by fifty percent." *Id.* Wheeler's complaint that the United States unduly delayed initiating its foreclosure action, while interest continued to accrue, is not comparable.

In summary, it is undisputed that Wheeler executed the promissory note which is the basis for this action, and the note is in default. It is also undisputed that Wheeler executed the mortgage securing the note. Wheeler does not contest the calculation of the amount due, as reflected in the declaration signed by Laurie Buress on April 8, 2014. Wheeler has failed to generate a genuine issue of material fact regarding her affirmative defense of "unclean hands" and "bad faith." Accordingly, the Court concludes that the United States is entitled to summary judgment in the amount requested.

## V. ORDER

IT IS THEREFORE ORDERED that the Motion for Summary Judgment (docket number 18) filed by the United States is hereby **GRANTED**. The United States is directed to submit an appropriate judgment to the Court for approval.

DATED this 16th day of July, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA